# United States District Court
## District of Massachusetts

_____
)
JESSE BECKETT,                                   )
        Plaintiff                               )
)
vs.                                              )     **CIVIL ACTION**
)     **No. 11-40093-TSH**
WELLS FARGO BANK NATIONAL ASSOCIATION,           )
AS TRUSTEE FOR THE FREMONT INVESTMENT &          )
LOAN SABR 2005-FRI,                              )
        Defendant.                              )
_____ )

**ORDER ON DEFENDANT WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2005-FR1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FR1 WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2005-FR1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FR1's  MOTION TO DISMISS (Docket No. 18)**

**May 16 , 2013**

**HILLMAN, D.J.**

## Background

Plaintiff, Jesse Beckett ("Becket"), has brought an adversary proceeding under applicable sections of the Bankruptcy Code, against Wells Fargo Bank, National Association, as Trustee For Securitized Asset Backed Receivables LLC Trust 2005-FR1, Mortgage Pass-Through

Certificates. Series 2005-FR1 ("Wells Fargo" or "Defendant")[1].  Beckett seeks to void, discharge

and/or subordinate the mortgage loan obligation asserted by Defendant against him and his real

property for: failure to provide or file an assignment of mortgage (Count One), for making

material misrepresentations to him which he relied on to his detriment (Count Two); failure to

comply with the three day right of rescission (Count Three), and failure to execute a valid

binding agreement (Count Four) .   He also seeks the award of monetary damages for violation of

the Massachusetts Consumer Protection Act, Mass.Gen.L. Ch. 93A ("Chapter 93A")(Count

Five).

        This Order addresses Wells Fargo's motion to dismiss Beckett's Complaint for failure to

state a claim. *See Defendants Wells Fargo Bank N.A. And U.S. Bank, National Association, As*

*Trustee For Securitized Asset Backed Receivables LLC Trust 2005-Fri, Mortgage Pass Through*

*Certificates, Series 2005-Fri Wells Fargo Bank, National Association, As Trustee For*

*Securitized Asset Backed Receivables LLC Trust 2005-Fri, Mortgage  Pass-Through*

*Certificates, Series 2005-Fri's  Motion To Dismiss* (Docket No. 18).

## Discussion

        Wells Fargo has filed a motion to dismiss Beckett's entire Complaint which alleges five

claims for relief.  Beckett does not oppose Wells Fargo's motion with respect to Count Three

(alleging a failure to comply with the three day right of rescission) and Count Five (violation of

Chapter 93A).  Therefore, Wells Fargo's motion to dismiss with respect to those claims is

*granted*.

---

[1] Defendant indicates that Beckett has misidentified it in the caption of his Complaint as "Wells Fargo Bank, National Association, as Trustee for The Fremont Investment & Loan SABR 2005-FRI; Wells Fargo does not seek to dismiss the action on this basis.  For purposes of this Order, I will refer to the Defendant by its proper name. Additionally, Wells Fargo was not the original lender.  Nevertheless, for purposes of this Order, I will not differentiate between the original lender and Wells Fargo.

As to the remaining claims, Beckett seeks to void and/or discharge the mortgage on the grounds that: 1) Wells Fargo has failed to provide or file an assignment of mortgage (or a document providing authority to act concerning the mortgage) from MERS[2] to it; 2) Wells Fargo made various material misrepresentations to him, which he relied on to his detriment; and 3) he did not understand the terms of the Mortgage and therefore, there was no meeting of the minds and no binding agreement.   Wells Fargo seeks to dismiss all of these claims on the grounds that Beckett has failed to plead sufficient facts or state a legal claim against it and/or the claims are barred by the applicable statute of limitations.

*Standard Of Review*

On a Rule 12(b)(6) motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief."  *Ruiz Rivera v. Pfizer Pharm.*, LLC, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted).  "The relevant inquiry focuses on the

---

[2] "MERS" refers to the Mortgage Electronic Registration Systems, Inc.; it is a subsidiary of MERSCORP, Inc. *See Culhane v. Aurora Loan Services Of Nebraska*, 708 F.3d 282, 286 n. 2 (1st Cir. 2013).

reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernàndez v. Fortuño-Burset,* 640 F.3d 1, 13 (1st Cir. 2011).

*Failure To Provide Or File Assignment Of Mortgage From MERS To Wells Fargo*[3]

Beckett alleges that Wells Fargo failed to provide or file an assignment of the Mortgage from Mers. He asserts that as the result of such failure, the Mortgage is void. It is true that Wells Fargo would be precluded from proceeding by way of foreclosure through the right of statutory sale unless and until such time as the Mortgage is validly assigned to it. *See U.S. Bank Nat. Ass'n v. Ibanez*, 458 Mass. 637, 651-52 (2011). However, there is no requirement that the assignment be in recorded form at the time of the notice of sale or at the time of foreclosure.[4] Furthermore, Beckett has not cited any legal authority to support his extraordinary contention that if there has been no valid assignment to Wells Fargo, the Mortgage would be void. On the contrary—assuming that there was no assignment, the rightful holder of the Mortgage would retain the right to foreclose. Additionally, under Massachusetts law, as the note holder, Wells Fargo would have the right to seek a judicial order requiring the current mortgagee to assign the mortgage to it. *In re Marron*, 455 B.R. at *7 (citing *Ibanez*, 458 Mass. at 653). Therefore, even

---

[3] Beckett has filed his Complaint in response to Wells Fargo seeking a removal of the stay in his underlying bankruptcy case, *In re Jesse Beckett, Debtor*, Case No. 06-40267-HJB, for purposes of foreclosing on the Mortgage. In that proceeding, Wells Fargo has represented that it owns both the Mortgage and the note. Beckett does not assert or argue that Wells Fargo has no standing to seek removal of the stay. This is presumably because he is not contesting that Wells Fargo holds the note. In Massachusetts, the mortgagee and the note holder may be separate entities; the mortgagee retains legal title to the mortgage and the note holder has as beneficial interest in the mortgage. *See In re Marron*, 455 B.R. 1, *7 (D.Mass. 2011). As the note holder, Wells Fargo would arguably have a colorable claim to the property (the mortgagee is deemed to hold the mortgage in trust for the note holder) and therefore, would likely have standing to seek removal of the stay regardless of its status *vis a vis* the Mortgage.

[4] Wells Fargo may establish the assignment in a number of ways, including a single assignment of record, a complete chain of assignment, or an executed agreement that assigns a specified pool of mortgages. *Ibanez*, 458 Mass. at 651.

if there has not been an assignment to Wells Fargo, Beckett's claim fails.  For these reasons, Wells Fargo's motion to dismiss Count One of the Complaint is *granted*.

*Misrepresentation of Material Facts/Fraud*

Beckett asserts that at the time of the refinancing, Wells Fargo made material misrepresentations to him concerning the terms of the mortgage and that he relied on those misrepresentations.  Specifically, he alleges that Wells Fargo misrepresented the interest rate he was to receive, that the mortgage was not a fixed rate mortgage, and that no escrows would be charged for the mortgage.  Wells Fargos argues that this claim must be dismissed as it is barred by the applicable statute of limitations.  In the alternative, Wells Fargo argues that Beckett has failed to plead sufficient facts to support a claim of fraud.

Under Massachusetts law, tort claims such as fraud are subject to a three year statute of limitations.  *See* Mass.Gen.L.Ch. 260, §2A; *Mantz v. Wells Fargo Bank, N.A.,* Civ. Act. No. 09-12010-JLT, 2011 WL 196915 (D.Mass. 2011).  The statute of limitations accrues at the  time of injury, in this case, on the date that the refinancing closed. *See Mantz*, 2011 WL 196915 at *6 (in context of mortgage loan transactions, statute of limitations on fraud begins to run on date of closing as potential plaintiffs are on notice for fraud when they sign loan documents).  Beckett acknowledges he signed the loan documents in late August 2004. *See Complaint*, at ¶9.   Beckett originally filed his Complaint in the United States Bankruptcy Court for the District of Massachusetts on September 11, 2008, more than four years after the loan closing date.  Therefore, Count Two is time barred and Wells Fargo's motion to dismiss this claim is *granted*.

*Failure to Execute A Valid, Binding Agreement*

Beckett alleges that he did not understand the terms of the Mortgage and therefore, there was no meeting of the minds.  Consequently, he asserts, the Mortgage is not a valid, binding

document and should be discharged.  Wells Fargo argues that this claim must be dismiss because Beckett has failed to state a cause of action.

Beckett alleges that he "had a great deal of difficulty reading and was not told the terms of the documents he was signing."  However, although he may have had some *difficulty* reading, he does not allege that he could not read the loan documents, was not allowed to read the documents or was discouraged from reading them.   A party that has the opportunity to read the documents but fails to do so, cannot thereafter complain that the documents do not reflect the parties' agreement. *See New Bedford Inst. For Sav. v. Gildroy*, 36 Mass.App.Ct. 647, 658 (1994). Furthermore, in this case, there exists a written, executed agreement, *i.e.,* the Mortgage.  Beckett does not allege that the terms of the Mortgage are not definite or certain—that is, he does not allege that the intentions and obligations of the parties contained in the Mortgage are indefinite or that it is not reasonably certain as to its material terms.  Simply put, Beckett has failed to allege sufficient facts to state a plausible claim that there was no meeting of the minds and therefore, no binding agreement.  Therefore, Wells Fargo's motion to dismiss this claim is *granted*.

## Conclusion

Defendant Wells Fargo Bank, National Association, As Trustee For Securitized Asset Backed Receivables LLC Trust 2005-FR1, Mortgage Pass Through Certificates. Series 2005-FR1 Wells Fargo Bank, National Association, As Trustee For Securitized Asset Backed Receivables LLC Trust 2005-FR1, Mortgage  Pass-Through Certificates, Series 2005-FR1's Motion To Dismiss (Docket No. 18) is ***granted***.

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE
